No. 23-1769

# United States Court of Appeals for the Federal Circuit

---

Causam Enterprises, Inc.,

*Appellant,*

v.

International Trade Commission,

*Appellee,*

ecobee Technologies ULC, dba ecobee; Itron, Inc.; Resideo Smart Homes Technology (Tianjin); Ademco, Inc.; Alarm.com Holdings, Inc.; Alarm.com Incorporated; and EnergyHub, Inc.,

*Intervenors.*

---

*On Petition for Review of the Determination of the U.S. International Trade Commission in Investigation, No. 337-TA-1277*

---

### CAUSAM ENTERPRISES, INC.'S MOTION FOR STAY OF APPELLATE PROCEEDINGS

---

Christopher C. Campbell
KING AND SPALDING LLP
1650 Tysons Boulevard
Suite 400
McLean, VA 22102

Britton F. Davis
KING AND SPALDING LLP
1401 Lawrence Street
Suite 1900
Denver, CO 80202

Jeffrey M. Telep
Joshua N. Mitchell
Jonathan Weinberg
KING & SPALDING LLP
1700 Pennsylvania Avenue NW
Washington, DC 20006
(202) 737-0500
jmitchell@kslaw.com

*Counsel for Appellant Causam Enterprises, Inc.*

# CERTIFICATE OF INTEREST

Pursuant to Federal Circuit Rule 47.4, counsel for Petitioner certifies the following:

1. The full name of the party represented by me: Causam Enterprises, Inc.

2. The names of the real parties in interest represented by me: N/A.

3. Parent corporations and publicly held companies that own 10% or more of stock in the party: Causam Holdings, LLC.

4. The names of all firms and the partners or associates that appeared for the party now represented by me in the trial court or are expected to appear in this Court (and who have not or will not enter an appearance in this case) are:

   - Joseph D. Eng, Jr. – King & Spalding LLP
   - Brian Eutermoser – King & Spalding LLP
   - Brian D. Hill – King & Spalding LLP
   - Dara Kurlancheek – King & Spalding LLP
   - Abby L. Parsons – King & Spalding LLP
   - John D. Roehrick – King & Spalding LLP
   - Rahul Sarkar – King & Spalding LLP
   - Peter Sauer – King & Spalding LLP
   - Noah Stid – King & Spalding LLP
   - Katherine Vessels – King & Spalding LLP
   - Matthew Wood – King & Spalding LLP

5. The title and number of any case known to counsel to be pending in this or any other court or agency that

will directly affect or be directly affected by this court's decision in the pending appeal:

- *Causam Enterprises, Inc. v. Alarm.com, Inc.*, No. 6:21-cv-00751 (W.D. Tex.)
- *Causam Enterprises, Inc. v. ecobee, Inc.*, No. 6:21-cv-00748 (W.D. Tex.)
- *Causam Enterprises, Inc. v. Itron, Inc.*, No. 6:21-cv-00750 (W.D. Tex.)
- *Causam Enterprises, Inc. v. Resideo Technologies, Inc.*, No. 6:21-cv-00749 (W.D. Tex.)
- *Causam Enterprises, Inc. v. Xylem, Inc.*, No. 6:21-cv-00752 (W.D. Tex.)
- *ecobee Technologies ULC v. Causam Enterprises, Inc.*, IPR2022-01339 (P.T.A.B.)
- *Unified Patents, LLC v. Causam Enterprises, Inc.*, IPR2022-00404 (P.T.A.B.)

6. The organizational victims and bankruptcy cases applicable to this appeal: N/A.

Date: March 27, 2024

*/s/ Joshua N. Mitchell*
Joshua N. Mitchell

*Counsel for Appellant Causam Enterprises, Inc.*

ii

**MOTION FOR STAY OF APPELLATE PROCEEDINGS**

Appellant Causam Enterprises, Inc. ("Causam") respectfully requests that this Court stay proceedings in this appeal, because the Patent Trial and Appeal Board has ruled that a patent claim, the infringement of which is at issue in this appeal, is unpatentable.

This appeal challenges the International Trade Commission's finding that Intervenor Resideo Smart Homes Technology did not infringe claim 1 of U.S. Patent No. 10,349,268. *See* Decl. of Joshua N. Mitchell ("Mitchell Decl.") ¶ 2. However, on March 5, 2024, the PTAB issued a final written decision in Intervenor ecobee's *inter partes* review proceeding, ruling claims 1–11 and 13–19 of the '268 patent unpatentable. *See ecobee Techs ULC v. Causam Enters., Inc.*, IPR2022-01339, slip op. at 81 (P.T.A.B. Mar. 5, 2024) (Paper 43); Mitchell Decl. ¶ 3. That ruling, if finalized, would moot this appeal.

Causam has filed a timely petition for review of PTAB's decision by the Director of the Patent Office. Mitchell Decl. ¶ 4. Causam further expects that it would appeal the final written decision if the Director declines review or rejects Causam's position. *Id.* And in the event that Causam files such an appeal, Causam expects that this Court will

designate this appeal of the ITC decision as a companion to that appeal of the PTAB's IPR decision.

Because the question of the '268 patent's patentability is intertwined with the question of Resideo's infringement of that patent, this Court should stay this appeal pending the outcome of proceedings in the Patent Office and the filing of any subsequent notice of appeal. The requested stay would not prejudice any party. Further, Causam believes that staying proceedings here to align the two proceedings' schedules would assist in conserving this Court's resources, avoiding the possibility that a panel of this Court would consider a question that another tribunal's ruling, if finalized, would render moot.

On March 15, 2024, Causam requested the other parties' position on this stay request. Mitchell Decl. ¶ 7. Appellee ITC stated that it does not oppose a stay. *Id.* Counsel for the Intervenors likewise do not oppose the requested stay. *Id.*

For the foregoing reasons, Causam respectfully requests that this Court stay all proceedings in this appeal pending the outcome of Causam's request for Director review and the filing of any subsequent notice of appeal.

Date: March 27, 2024

                          Respectfully submitted,

                          */s/ Joshua N. Mitchell*

| | |
|---|---|
| Christopher C. Campbell | Jeffrey M. Telep |
| KING AND SPALDING LLP | Joshua N. Mitchell |
| 1650 Tysons Boulevard | Jonathan Weinberg |
| Suite 400 | KING & SPALDING LLP |
| McLean, VA 22102 | 1700 Pennsylvania Avenue NW |
| (703) 245-1000 | Washington, DC 20006 |
| | (202) 737-0500 |
| Britton F. Davis | jmitchell@kslaw.com |
| KING AND SPALDING LLP | |
| 1401 Lawrence Street | |
| Suite 1900 | |
| Denver, CO 80202 | |
| (720) 535-2300 | |

*Counsel for Appellant Causam Enterprises, Inc.*

3

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that this motion for extension of time is submitted in accordance with the type-volume limitations of Rule 27(d)(2)(A) of the Federal Rules of Appellate Procedure. This motion contains 387 words.

Date: March 27, 2024

                                          */s/ Joshua N. Mitchell*
                                          Joshua N. Mitchell

                                          *Counsel for Appellant*
                                          *Causam Enterprises, Inc.*

# DECLARATION OF JOSHUA N. MITCHELL IN SUPPORT OF MOTION FOR A STAY OF APPELLATE PROCEEDINGS

I, Joshua N. Mitchell, declare:

1. I am a counsel in the law firm King & Spalding LLP and an attorney for Appellant Causam Enterprises, Inc. I have personal knowledge of the facts set forth herein.

2. This appeal concerns whether the International Trade Commission erred when it ruled that Intervenor Resideo Smart Homes Technology did not infringe claim 1 of the '268 patent.

3. On March 5, 2024, the Patent Trial and Appeal Board issued a final written decision in *ecobee Technologies ULC v. Causam Enterprises, Inc.*, No. IPR2022-01339, ruling claims 1–11 and 13–19 of U.S. Patent No. 10,349,268 unpatentable. *ecobee Technologies ULC v. Causam Enterprises, Inc.*, No. IPR2022-01339 (P.T.A.B. Mar. 5, 2024) (Paper 43). That unpatentability determination, if it stands, would render this appeal moot.

4. On March 22, 2024, Causam's PTAB counsel Wayne Helge represented via email that he had filed a confidential petition for review by the Director of the Patent Office of the PTAB's IPR decision. If the Director declines review or rejects Causam's argument, Causam expects that it would appeal the PTAB's decision and would in that event request that this Court designate the two appeals as companion cases.

5. Causam desires a stay of further proceedings in this appeal pending the outcome of the Patent Office proceedings and the filing of any notice of appeal of the final written decision in IPR2022-01339.

5. A stay would preserve this Court's and the parties' resources by preventing further proceedings the unpatentability determination would render moot, and—if Causam appeals the IPR decision—by aligning the two appeals' schedules so that this Court need not consider infringement of the '268 patent before the issue of its patentability is presented.

6. A stay would not prejudice any party to this appeal, because (1) if the facts remain as they are at present, the infringement issue presented in this appeal is moot, and (2) this Court would be likely to designate this appeal a companion case to any appeal of the PTAB's decision, or otherwise align the two appeals' schedules, to avoid the possibility of deciding an infringement issue that a subsequent decision could render moot.

7. On March 15, 2024, I emailed counsel for Appellee and Intervenors to request their position on a stay of proceedings. Counsel for Appellee the International Trade Commission and for Intervenors responded that their clients do not oppose a stay.

I declare under penalty of perjury that the foregoing is true and correct.

Date: March 27, 2024

         */s/ Joshua N. Mitchell*
         Joshua N. Mitchell
         KING & SPALDING LLP
         1700 Pennsylvania Avenue NW
         Washington, DC 20006
         (202) 737-0500
         jmitchell@kslaw.com

         *Counsel for Appellant*
         *Causam Enterprises, Inc.*